UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Mark Scott, Ishmila Scott and Lus Ruiz,<br><br>　　　　　　　Plaintiffs,<br>　v.<br><br>Midland Credit Management, Inc.; and DOES 1-10, inclusive,<br><br>　　　　　　　Defendants. | Civil Action No.: _____<br><br><br><br>**COMPLAINT** |

For this Complaint, the Plaintiffs, Mark Scott, Ishmila Scott and Lus Ruiz, by undersigned counsel, state as follows:

## JURISDICTION

1.　This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and the invasions of Plaintiffs' personal privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2.　Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.　Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4.　The Plaintiffs, Mark Scott and Ishmila Scott ("Mark" and "Ishmila"), are adult individuals residing in Front Royal, Virginia, and each is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. The Plaintiff, Lus Ruiz ("Luz" and together with Mark and Ishmila collectively referred to as "Plaintiffs"), is an individuals residing in Philadelphia, Pennsylvania, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

6. The Defendant, Midland Credit Management, Inc.("Midland"), is a California business entity with an address of 8875 Aero Drive, Suite 200, San Diego, California 92123, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

7. Does 1-10 (the "Collectors") are individual collectors employed by Midland and whose identities are currently unknown to the Plaintiffs. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

8. Midland at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A. The Debt**

9. Lus allegedly incurred a financial obligation in (the "Debt") to an original creditor (the "Creditor").

10. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

11. The Debt was purchased, assigned or transferred to Midland for collection, or Midland was employed by the Creditor to collect the Debt.

12. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

B. **Midland Engages in Harassment and Abusive Tactics**

13. In or around August 2020, Midland began calling Lus in an attempt to collect the Debt.

14. Lus spoke with Midland and provided authorization for her son-in-law Mark, who was an authorized user on the account at issue, to discuss the Debt with Midland on her behalf.

15. During a conversation with Mark, Midland threatened to take legal action against Plaintiffs if the Debt was not paid, in an effort to coerce Plaintiffs into making a payment.

16. Further, on several occasions, Midland called Mark's wife Ishmila in an attempt to collect the Debt.

17. Ishmila was an authorized user on the account at issue, but is in no way responsible for the repayment of the Debt.

18. During several calls to Ishmila, Midland asked to speak to Lus.

19. At the time of the calls, Midland already had current and correct contact information for Lus, accordingly the calls were placed for purposes other than to confirm the debtor's location information.

20. Midland's actions caused Plaintiffs a significant amount of frustration, confusion and anxiety.

C. **Plaintiffs Suffered Actual Damages**

21. The Plaintiffs have suffered and continue to suffer actual damages as a result of the Defendants' unlawful conduct.

22. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiffs suffered and continue to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I

## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, *ET SEQ*.

23. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

24. The Defendants' conduct violated 15 U.S.C. § 1692b(1) in that Defendants contacted third parties and failed to identify themselves and further failed to confirm or correct location information.

25. The Defendants' conduct violated 15 U.S.C. § 1692b(1) in that Defendants contacted third parties for purposes other than to confirm or correct location information.

26. The Defendants' conduct violated 15 U.S.C. § 1692c(b) in that Defendants communicated with individuals other than the Plaintiff, the Plaintiff's attorney, or a credit bureau.

27. The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiffs in connection with the collection of a debt.

28. The Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt.

29. The Defendants' conduct violated 15 U.S.C. § 1692e(5) in that Defendants threatened to take legal action, without actually intending to do so.

30. The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

31. The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

32. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

33. The Plaintiffs are entitled to damages as a result of Defendants' violations.

## COUNT II

### VIOLATIONS OF THE PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT, 73 P.S. § 2270, *ET SEQ.*

34. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

35. Each Plaintiff is a "consumer," as defined in 73 P.S. § 2270.3.

36. The Defendants are each individually a "debt collector" as defined in 73 P.S. § 2270.3.

37. The Defendants violated provisions of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq., which constitutes an unfair or deceptive practice under 73 P.S. § 2270.4(a).

38. The Plaintiffs are entitled to damages as a result of the Defendants' violations.

## COUNT III

### VIOLATIONS OF THE PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW, 73 P.S. § 201-1, *ET SEQ.*

39. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

40. The Defendants' violations of the Pennsylvania Fair Credit Extension Uniformity Act constitute per se violations under the Pennsylvania Unfair Trade Practices and Consumer Protection Law.

41. The Defendants' acts were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiffs' rights under the law.

42. As a result of the Defendants' violations, the Plaintiffs have suffered ascertainable losses entitling the Plaintiffs to actual, statutory and treble damages.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiffs pray that judgment be entered against the Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;
2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;
3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) and 73 P.S. § 2270.5 against the Defendants;
4. Statutory damages pursuant to 73 P.S. § 2270.5(c);
5. Actual damages pursuant to 73 P.S. § 201-9.2(a);
6. Statutory damages pursuant to 73 P.S. § 201-9.2(a);
7. Treble damages pursuant to 73 P.S. § 201-9.2(a);
8. Actual damages from the Defendants for all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiffs;
9. Punitive damages; and
10. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: February 5, 2021

                                          Respectfully submitted,

                                          By <u>/s/ Sergei Lemberg</u>

                                          Sergei Lemberg, Esq.
                                          Bar #317359
                                          LEMBERG LAW, L.L.C.
                                          43 Danbury Road, 3rd Floor
                                          Wilton, CT 06897
                                          Telephone: (203) 653-2250
                                          Facsimile:  (203) 653-3424
                                          E-mail: slemberg@lemberglaw.com
                                          Attorneys for Plaintiffs